## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

RONALD BRANDVOLD,

               Plaintiff,         CIVIL NO.: _____

v.

ACCOUNTS RECEIVABLE MANAGEMENT, INC.,    **COMPLAINT**
AND JANE DOE,

                                  **JURY TRIAL DEMANDED**
               Defendants.
_____

## **JURISDICTION**

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.     Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## **PARTIES**

4.     Plaintiff Ronald Brandvold (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Accounts Receivable Management, Inc. (hereinafter "Defendant Receivable"), is a collection agency operating from an address of 155 Mid Atlantic Parkway, Thorofare, NJ 08086 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Jane Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant Receivable as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7.      Sometime prior to March 2010, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.      Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Receivable for collection.

9.      During the following months, Defendant Receivable began a collection campaign that included numerous telephone calls to Plaintiff.

10.     On April 13, 2010 at approximately 7:24 p.m., Defendant Doe contacted Plaintiff by telephone in an attempt to collect a debt.

11.     Defendant Doe's manner of speaking to Plaintiff was rude, disrespectful and condescending.

12.     Plaintiff explained to Defendant Doe that Plaintiff's only income was social security and that it was not enough to cover his monthly living expenses.

2

13.    Defendant Doe continued to demand payment from Plaintiff.  Defendant Doe
       began to attempt to shame Plaintiff stating that Plaintiff should have planned
       better before going on social security benefits.  Plaintiff had specifically told
       Defendant Doe that Plaintiff was forced to receive early social security
       benefits.

14.    Defendant Doe continued stating that Plaintiff's and Plaintiff's wife's income
       should be enough to take care of the monthly payments of the alleged debt.

15.    Plaintiff stated on different occasions to Defendant Doe that the alleged debt
       was Plaintiff's and not his wife's because the credit card was in his name
       alone and she was not liable for any amount.

16.    Defendant Doe misrepresented the law by saying that since Plaintiff was
       married, the alleged debt was owed by Plaintiff and his wife.

17.    Defendant Doe stated that the debt will negatively affect the credit report of
       Plaintiff's wife.

18.    Defendant Doe called Plaintiff a liar for not releasing his wife's income.
       Defendant Doe was also assuming that Plaintiff's wife used the credit card,
       even though the credit card had not been used for years and it was only in
       Plaintiff's name.

19.    The telephone conversation was terminated by Plaintiff when Defendant Doe
       threatened to contact Plaintiff's wife directly in an attempt to collect
       Plaintiff's alleged debt.

20.     On April 21, 2010, Plaintiff received a telephone call from a Defendant's debt collection agent. Plaintiff informed her that Plaintiff was represented by an attorney and provided her with his attorney's information.

21.     Despite knowing that Plaintiff was legally represented, Defendant's debt collection agents continued to contact Plaintiff directly in attempt to collect the underlying debt on at least two additional occasions.

22.     The conduct of Defendants in contacting a consumer after knowing that the consumer is represented by an attorney, using any conduct the natural consequence of which is to harass, oppress, or abuse any person, misrepresenting the character, amount, or legal status of the alleged debt and using any false representation or deceptive means to collect a debt or obtain information about a consumer are a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2)(A), 1692e(10) and 1692f amongst others.

**Respondeat Superior Liability**

23.     The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant Receivable who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Receivable.

4

24.     The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Receivable in collecting consumer debts.

25.     By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant Receivable.

26.     Defendant Receivable is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

27.     The above-detailed conduct by Defendants, of contacting consumer after knowing that the consumer is represented by an attorney, using any conduct the natural consequence of which is to harass, oppress, or abuse any person, misrepresenting the character, amount, or legal status of the alleged debt and using any false representation or deceptive means to collect a debt or obtain information about a consumer were a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

28.     Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

29.     Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

30.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

34.     for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

35.     for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff; and

36.     for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  July 29, 2010

  s/ Mark L. Vavreck               .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220